# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

TWO MEN AND A
TRUCK/INTERNATIONAL, INC.,

        Plaintiff,

vs.

MOVING AUTHORITY ENTERPRISE
CORPORATION,

        Defendant.

2:18-cv-00391-GMN-VCF

**REPORT AND RECOMMENDATION**

MOTION FOR DEFAULT JUDGMENT [ECF NO. 21]

Before the Court is Plaintiff Two Men and a Truck's Motion for Default Judgment.[1] (ECF No. 21). For the reasons discussed below, Plaintiff's motion should be granted.

## BACKGROUND

This is an action brought by Plaintiff for trademark infringement, unfair competition and false designation of origin, unfair business practices, and unfair competition. (ECF No. 1 at 10-14). Plaintiff alleges that Defendant Moving Authority Enterprise has wrongfully used Plaintiff's marks in its websites in a manner that is likely to confuse the public and harm Plaintiff's business and reputation. (*Id.*).

On April 13, 2018, Plaintiff filed a motion for entry of Clerk's Default (ECF No. 9), and the Clerk's Default was entered April 16, 2018. (ECF No. 10). Plaintiff now moves for default judgement. (ECF No. 21).

---

[1] Plaintiff's previous motion for default judgment was denied without prejudice for failing to serve Defendant with notice of the motion. (ECF No. 19). Plaintiff served Defendant with notice of this motion. (ECF No. 21 at 23).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. Fed. R. Civ. P. 55(b)(2).

Before considering whether default judgment should be entered, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment without jurisdiction is void. *Id.* If jurisdiction exists, the court's decision to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.").[2]

The Ninth Circuit has adopted seven factors courts may consider when adjudicating a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

---

[2] Federal Rule of Civil Procedure 54(c) limits the court's discretion in one respect. It states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**DISCUSSION**

Under Rule 55, the Court must engage in three inquiries when recommending default judgment against Defendants: (1) whether the Court has jurisdiction and can enter default judgment, (2) whether the *Eitel* factors favor Plaintiff, and (3) whether Plaintiff has proven damages. Fed. R. Civ. P. 55. Each inquiry is addressed below.

**I.    <u>Whether Jurisdiction Exists</u>**

The Court's analysis of Plaintiff's motion begins with jurisdiction. *In re Tuli*, 172 F.3d at 712. Generally, jurisdictional allegations must be plausible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). However, on a motion for default judgment, the court accepts the plaintiff's allegations as true. *Televideo Video Sys., Inc.*, 826 F.2d at 917–18. As discussed below, the Court finds it has subject-matter jurisdiction over Plaintiff's action and personal jurisdiction over Defendant.

<u>A. Subject Matter Jurisdiction</u>

Under 28 U.S.C. § 1331, the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1338(a) also grants District Courts jurisdiction in claims relating to "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Additionally, the Federal Trademark Act of 1946 (the "Lanham Act") "grants the federal district courts original jurisdiction over all actions arising under it." 15 U.S.C. § 1121(a).

Plaintiff's complaint alleges violations of the Lanham Act against Defendant under 15 U.S.C. §§ 1114 and 1125(a)(1)(A). (ECF No. 1 at 10-12). Plaintiff's state and common law claims (*Id.* at 13) "form part of the same case or controversy" as its federal law claims. 28 U.S.C. § 1367. Accordingly, the Court has subject matter jurisdiction over this case.

B. Personal Jurisdiction

A federal district court may only exercise specific personal jurisdiction over a defendant when certain requirements are met. *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). Defendant must satisfy the minimum-contacts test and must be properly served under Rule 4. *Id*.

Here, the Court has personal jurisdiction over the Defendant. The Supreme Court has said that in order to satisfy Due Process requirements for personal jurisdiction, a corporation must be incorporated or have its principal place of business in the state where the case is brought. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). In this case, Defendant "is a corporation registered in the State of Nevada." (ECF No. 1 at 2). On March 12, 2018, Plaintiff duly served Defendant with a copy of the Complaint and Summons. (ECF No. 6). Therefore, the Court has jurisdiction over the Defendant.

II.   **Whether the *Eitel* Factors Favor Default Judgment**

Because the Court's jurisdictional requirements are satisfied, the Court proceeds to the second question: whether the Court should enter default judgment under *Eitel*. Each of the seven factors listed in *Eitel* is addressed below.

A.   Prejudice to the Plaintiff

The first factor favors entering default judgment in this case. Defendant was properly served in this action and is therefore aware of its infringing conduct. (ECF No. 6). Defendant has not answered or otherwise defended against Plaintiff's claims and a default has been entered. (ECF No. 10). Defendant's failure to answer or defend against Plaintiff's claims is prejudicial to Plaintiff, because Plaintiff's claims cannot otherwise be resolved on the merits absent Defendant's participation. Plaintiff will effectively be denied relief if not granted a default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172,

1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

In this case, the Plaintiff has shown that it has suffered and will continue to suffer loss of goodwill and business. (ECF No. 1 at 3-14). Plaintiff alleges that Defendant deliberately designed the code and design of its websites to make it appear as though it was affiliated with Plaintiff, though the two parties are in fact competitors.  (*Id.* at 3-10). Since Defendant has failed to appear in this case, Plaintiff has no means to recover absent default judgment.

B.  The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors also favor entering default judgment in this case. To warrant default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff's complaint satisfies this standard because its claims "cross the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff's complaint brings claims for violations of the Lanham Act under 15 U.S.C. §§ 1114 and 1125(a)(1)(A). (ECF No. 1 at 10-12). To state a claim for trademark infringement under 15 U.S.C. § 1114, a plaintiff must establish (1) that it has valid, protectable trademarks, and (2) that Defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc*., 511 F.3d 966, 969-70 (9th Cir. 2007).  The legal analysis under 15 U.S.C. § 1125 is very similar, if not identical.  *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999).  Plaintiff sufficiently alleges that it has a valid trademark and Defendant has used the mark in its websites in a way that would confuse the public.  (ECF No. 1 at 4-10).

Plaintiff's complaint also brings claims for unfair business practices under NRS 598.0915 and common law trademark infringement and unfair competition. (*Id.* at 13-14). It is a deceptive trade practice under NRS 598.0915(2)-(3) to "[k]nowingly make[] a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease" or "[k]nowingly make[] a false representation as to affiliation, connection, association with or certification by another person." "The elements necessary to make out a claim of Nevada common law trademark infringement are identical to the elements necessary under…15 U.S.C. § 1125(a)." Caesars World, Inc. v. Milanian, 247 F. Supp. 2d 1171, 1193 (D. Nev. 2003). Plaintiff alleges that Defendant deliberately designed the code and design of its websites to make it appear as though it was affiliated with Plaintiff, though the two parties are in fact competitors. (*Id.* at 3-10).

Plaintiff has sufficiently alleged each of these elements as discussed above. (ECF No. 1 at 10-14). Because the Court accepts these allegations as true, *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918, Plaintiff has plausibly alleged that Defendant has violated federal, state, and common law and Plaintiff was harmed as a result.

C.   The Sum of Money at Stake in the Action

The fourth *Eitel* factor favors entering default judgment. This factor considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

In its motion for default judgment, Plaintiff seeks injunctive relief "along with attorneys' fees and the costs of this dispute, plus interest." (ECF No. 21 at 10). Plaintiff is not seeking compensatory or punitive damages. The sum of money at stake is proportionate to the seriousness of Defendant's conduct in this case.

6

D.  The Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor favors entering default judgment in this case. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Given the sufficiency of Plaintiff's complaint in alleging the facts necessary to establish its claims for relief, and Defendant's subsequent failure to answer, no dispute has been raised regarding material elements in the complaint. It is unlikely any such dispute will arise.

E.  Whether Default Was Due to Excusable Neglect and the Strong Policy Favoring Decisions on the Merits

The sixth and seventh *Eitel* factors favor entering default judgment in this case. The sixth factor considers whether the defendant's default was the product of excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor favors default judgment where, as here, the defendant has been properly served. *Landstar Range, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 922 (C.D. Cal. 2010). Plaintiff properly served Defendant. (ECF No. 6). There is no evidence before the Court that Defendant's failure to respond is due to excusable neglect.

The seventh factor considers the strong policy under Federal Rule of Civil Procedure 55 that "cases should be decided on their merits whenever reasonably possible." "[T]he mere existence of Fed. R. Civ. P. 55(b) indicates this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Where a defendant fails to respond to a complaint, a judgment on the merits is "impractical, if not impossible." *Id.*

The sixth and seventh *Eitel* factors weigh in favor of an entry of default judgment. Therefore, Plaintiff's motion for default judgment should be granted.

7

**III.**    **Remedies Requested by Plaintiff**

A. Injunctive Relief

Next, the Court considers whether it should grant Plaintiff a permanent injunction against Defendant. The Lanham Act vests the district court with

> power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125.

15 U.S.C. § 1116(a).

To show that a permanent injunction is warranted, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The facts set forth in the complaint show that Plaintiff has suffered and will continue to suffer a loss of business and goodwill and reputation absent permanent injunctive relief. (ECF No. 1 at 3-10). *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[I]ntangible injuries, such as damage to…goodwill, qualify as irreparable harm."); *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill and reputation is unquantifiable and considered irreparable.").

Several district courts have granted injunctions in the default judgment context by accepting as true the facts alleged in plaintiffs' complaints, including facts establishing irreparable injury. *See, e.g.,; Innovative Office Products, Inc. v. Amazon.com*, No. 10-4487, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012) (granting permanent injunction because allegations in complaint must be accepted as true and

established patent infringement and injury to plaintiff); *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("since, by defaulting, Defendant is deemed to have admitted the truth of Plaintiffs averments, the evidence before the Court established that Plaintiff will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered").

Also, the balance of hardships and public interest weighs in Plaintiff's favor. Plaintiff has been suffering continuing loss of business and reputation due to Defendant's wrongful use of its mark in Defendant's online content. Without a permanent injunction, the Plaintiff will continue to suffer harm. The public interest weighs in the Plaintiff's favor, because the public will not be deceived about the services individuals are researching. Therefore, a permanent injunction should be granted against the Defendant.

B.  Monetary Damage

Plaintiff also seeks an award of its attorney fees and costs, including interest.  (ECF No. 21 at 15-21).  Plaintiff should be awarded these monetary damages.

The court may award reasonable attorney's fees under the Lanham Act in exceptional cases. 15 U.S.C. § 1117(a). Courts have found that a case may be considered exceptional when the defendant disregards the proceedings and does not appear. *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 663 (S.D. Cal. 1997). Therefore, in this case the awarding of attorney's fees is reasonable since the Defendant failed to appear.

When seeking attorney fees, Counsel should provide (1) contemporaneous billing records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of his or her skill and

experience. *Id*. at 663-64. Plaintiff has submitted appropriate billing records in the total of $24,156.50.[3] (ECF No. 21-3 at 4-8, 36-55). It is represented that the hourly rates for the attorneys are reasonable market rates for the different degrees of specialization and experience. (*Id*. at 4-8, 58-61). The attorney's fees therefore should be granted.

Plaintiff also seeks costs under 15 U.S.C. § 1117. (*Id*. at 4). The costs requested are $138.77. (*Id*). Because Plaintiff is the prevailing party in this case, the associated costs with filing this action should be granted.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion for Default Judgment (EFC No. 21) be GRANTED.

IT IS RECOMMENDED that Plaintiff be awarded DAMAGES for (1) attorney's fees in the amount of $24,156.50 pursuant to 15 U.S.C. § 1117(a)(3) and (2) costs in the amount of $138.77 pursuant to 15 U.S.C. § 1117(a)(3). The total recommended award is $24,295.27.

IT IS RECOMMENDED that permanent injunctive relief prohibiting Defendant from using Plaintiff's trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of Plaintiff's marks in connection with Defendant's business or services be GRANTED in the form submitted by Plaintiff. (ECF No. 21-4).

IT IS FURTHER RECOMMENDED that FINAL JUDGMENT be entered against Defendant.

---

[3] Plaintiff categorized the fees paid to Lewis Roca Rothgerber Christie as a cost because "Kilpatrick Townsend paid Lewis Roca's legal fees on behalf of Plaintiff." (ECF No. 21-3 at 3-4). Because the $592 amount was paid to obtain the services of attorneys, the Court categorizes this $592 as attorney fees rather than costs.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 17th day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

11